## ARAD GILBERT *vs.* CHARLES A. HEBARD.

After proceedings have been had against an insolvent debtor, and his discharge has been refused on his appeal to the supreme judicial court, under *St.* 1838, *c.* 163, §§ 7, 8, he is not entitled to the benefit of that statute, on a new petition, unless he owes debts to the amount of $200, which were not proveable under the former proceedings. And if, on proof of his owing such debts to that amount, proceedings are had against him on a new petition, and he obtains a certificate of discharge, such certificate will not discharge him from any debts that were proveable under the former proceedings, unless those to whom such debts were due, elect to prove them under the new proceedings; which, *it seems,* they may do.

PETITION for a writ of prohibition. The petitioner alleged that Charles A. Hebard, on the 8th of April 1843, presented his petition to the judge of probate, for the benefit of the insol vent laws of this Commonwealth, and that such proceedings were had upon said petition, that the first and second meetings of said Hebard's creditors were held, and that J. M. Fales was duly chosen his assignee : That at the second meeting of said creditors, held on the 9th of May 1843, and by adjournment on the 5th of June following, said Hebard applied to said judge for a discharge from his debts ; but that a majority of his creditors, who had proved their debts, objected to such discharge, and the same was refused by said judge : That said Hebard thereupon appealed to the supreme judicial court, duly entered his appeal, and applied to said court to be discharged ; and that, after a hearing, it was adjudged by said court that such discharge should not be granted : That the petitioner was a creditor of said Hebard, and duly proved a claim against him, before said judge of probate, and that the same was allowed

That since the aforesaid judgment of the supreme judicial court, viz. on the 11th of January 1844, said Hebard made a new petition to said judge of probate for the benefit of the in-solvent laws, and that such proceedings were had on said petition, that the first meeting of said Hebard's creditors was held on the 3d of February 1844, when said Hebard (by his attorney) and the present petitioner attended, and said meeting was adjourned, by order of said judge, to the 19th of said February, notwithstanding the present petitioner objected to any action upon said Hebard's petition.

The prayer of the petition was, that said judge of probate might be enjoined and prohibited from proceeding any farther upon said petition, and that all proceedings thereon might be stayed, and said petition be dismissed. The reasons assigned for this prayer were as follows : " Because the subject matter of said Hebard's discharge as an insolvent debtor has already been heard and determined by the supreme judicial court, as aforesaid, so far as any debts, outstanding at the time of his former petition, still remain undischarged. And the petitioner shows that no part of his own debt aforesaid has been discharged ; nor, as he is informed and believes, has any part of the debts aforesaid, due from the said Hebard, been cancelled or discharged, beyond a very small dividend out of his estate, decreed by the judge aforesaid, upon a settlement of the account of said Fales, the assignee."

This petition was presented at the last April term, and the court then ordered notice to be served on said Hebard, that he might appear and show cause, &c., at the present term. He now appeared, and demurred to the petition

The judge of probate stated, in his answer to the petition, that on the 17th of January 1844, he issued a warrant to a messenger, on said Hebard's petition, and that on the 20th of February 1844 an assignee of his estate was appointed ; that upon a suggestion that application would be made to this court for an injunction to stay proceedings, no further order had been taken in the case : That on a former process of insolvency against said Hebard, it appeared that the schedule of his debts

was imperfect ; but whether or not that was the cause of the refusal of his discharge by this court, he (said judge of probate) was wholly unadvised : That said Hebard claimed the issuing of a second warrant as a matter of right, and represented that a major part in interest of his creditors were desirous that said warrant should issue.

*F. H. Dewey,* for the petitioner.

*Bacon,* for Hebard.

WILDE, J. This is a petition for a writ of prohibition to the judge of probate of this county, prohibiting any further proceedings on the petition of Charles A. Hebard, an insolvent debtor, under the insolvent acts of this Commonwealth. It appears that on a prior petition of the said Hebard, such proceedings had been had before his second petition, that his application for a discharge from his debts, on an appeal to this court, and on a hearing, had been refused. Upon these, and other facts alleged and admitted by the demurrer, and by the answer of the judge of probate, we are of opinion that there are not sufficient facts alleged to justify an absolute prohibition as prayed for, although a conditional or qualified prohibition may be well warranted.

1. In the first place, we are of opinion that a second commission ought not to have been granted, unless it was averred and shown that the insolvent debtor owed debts to the amount of $200, not including in the computation any debts proveable under the first commission. The adjudication, in respect to the refusal to grant the application of the insolvent for a discharge from his debts, is conclusive, and is not open to readjudication under a new application ; and if in fact there were not new debts amounting to $200, an absolute prohibition ought to issue, to stay all further proceedings.

2. On the other hand, if new debts to that amount were proved to the satisfaction of the judge of probate, the proceedings under the second petition would be regular. But in such case, no discharge is to be granted without excepting from its operation all debts which were proveable under the first commission, unless the creditors, whose claims were thus proveable,

should elect to come in and prove their debts under the second commission.

3. Whether such creditors have a right to prove · their debts under the second commission, is a question we are not now called upon to decide. But it seems that they have a right to elect so to do. Their claims seem to rest on the same footing as fiduciary claims under the late bankrupt law, which have been allowed to be proved under a commission of bankruptcy, the creditors electing so to do, although otherwise their debts would not have been barred by a certificate of discharge regularly granted. 7 Met. 154, 155, 430. It would seem, therefore, that a like right of election may be allowed in the present case. If, however, such creditors do come in and prove their claims under the second commission, they will be barred by a discharge regularly granted under that commission. Otherwise, unquestionably, they will not be barred, as the validity of their debts, and the remedy to recover them, cannot be affected by the proceedings under the second commission, unless they elect to come in and to become parties thereto.

· *Qualified prohibition granted.*